IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM STEVEN DUNAWAY and | ) | |
| CYNTHIA ANN DUNAWAY, | ) | Case No. 14-41073-13-drd |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM STEVEN DUNAWAY and | ) | |
| CYNTHIA ANN DUNAWAY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | Adversary No. 14-4132 |
| | ) | |
| LVNV FUNDING, LLC and | ) | |
| RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before this Court is the Motion for Summary Judgment (the "Motion") filed by LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. (the "Defendants") against William Steven Dunaway and Cynthia Ann Dunaway (the "Debtors"). Also before the Court is Debtors' Motion for Summary Judgment. Both parties filed Suggestions in Support of their motions and Suggestions in Opposition to the opposing parties' motions. The Plaintiff initiated the adversary proceeding seeking a right to recover actual and statutory damages, costs and attorney's fees from Defendants for violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq. (the "FDCPA"). In accordance with Rule 7056 of the Federal Rules of

Bankruptcy Procedure and for the reasons set forth below, the Court grants the Defendants' Motion and denies Debtors' Motion.

## I.  FACTUAL BACKGROUND

The following facts are undisputed. Debtors filed for Chapter 13 bankruptcy on March 31, 2014. LVNV was listed on Debtors' Schedule F and creditor matrix. On July 25, 2014, Defendants filed a proof of claim on behalf of LVNV. The Claim lists an unsecured amount of $6,206.92. The attachment to the Claim lists First USA Bank, N.A. as the creditor from whom LVNV purchased the account. The attachment also states that the account was charged off by the original creditor on 05/05/2000, the last payment date was 8/19/1999, and the last transaction date was 8/19/1999. On October 14, 2014, Debtors filed an objection to the Claim. On October 16, Debtors amended the objection and filed an adversary proceeding against Defendants. On November 19, 2014, the Court granted the amended objection to the Claim.

## II.  LEGAL ANALYSIS

### A.  Standard for Summary Judgment

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When reviewing the record for

2

summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### B. Allegation of Violation of the Fair Debt Collection Act

Debtors allege in their adversary complaint that filing a proof of claim on a time-barred debt is a violation of the FDCPA. Debtors urge the Court to adopt and apply the 11th Circuit's holding in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). In that case, the debtor filed for bankruptcy in 2008 and proposed to repay creditors over a five year period. LVNV filed a proof of claim in the bankruptcy case on a debt outside the statute of limitations. Neither the debtor nor the trustee objected to the claim and the debtor continued to pay on all debts including the LVNV claim. After four years, the debtor realized the LVNV claim was based on a stale debt and filed an objection to the claim and an adversary proceeding against LVNV for violation of the FDCPA. The *Crawford* court found that LVNV did violate the FDCPA by filing a time-barred proof of claim because absent an objection, the claim is automatically allowed against a debtor and was therefore "unfair, unconscionable, deceptive and misleading" within the broad scope of §1692e and §1692f.

Debtors argue that filing a time-barred proof of claim violates the FDCPA. First, Debtors assert that filing a proof of claim is akin to collecting a debt and analogous to the filing of a complaint in a civil action. *Citing In re Brimmage*, 523 B.R. 134 (Bankr. N.D. Ill. 2015) and *Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995). The FDCPA prohibits debt collectors from taking any action that cannot legally be taken in connection with the collection of a debt. *See* 15 U.S.C. §1692e(5). Numerous district and circuit courts have held that the FDCPA prohibits a defendant from filing a lawsuit to collect a time-barred debt, *see, e.g., Freyermuth v. Credit Bureau Services*, 248 F.3d 767, 771 (8th Cir. 2001). Debtors argue that action taken in bankruptcy courts

3

should not be exempt from this prohibition because if they are then debt collectors will have a blanket immunity to pursue claims in bankruptcy court that they could not pursue in a non-bankruptcy court context. Debtors argue that not only will this practice harm debtors but that it will also harm legitimate creditors because they will receive a lesser amount paid on their timely claims. Debtors also assert that the Bankruptcy Code and the FDCPA are not incompatible and thus can co-exist and courts can enforce both.

Defendants of course disagree. They contend that the FDCPA protections are inapplicable in the bankruptcy context because the Code has its own set of procedures and protections. Defendants assert that the FDCPA is not implicated by filing a proof of claim, even if invalid, because the Code gives an interested party the right to object to an invalid claim, which includes a claim that is barred by the statute of limitations. In fact, Debtors have in fact done just that in this case and objected to the claim filed by Defendants and the objection was granted and the claim disallowed.

Defendants further argue that filing a proof of claim does not constitute an attempt to collect a debt from a consumer as required by the FDCPA. Rather, they argue, a debtor's bankruptcy estate is not a consumer. Defendants contend that filing a proof of claim is not a collection activity but rather an attempt to be involved in the distribution of estate proceeds. They further assert that if filing a proof of claim was an attempt to collect a debt that it would be a violation of the automatic stay. Finally, Defendants contend that even if filing a proof of claim is a debt collection activity, it is not an abusive or deceptive practice as required by the FDCPA.

### C. Analysis

**1.** *Whether the Bankruptcy Code precludes FDCPA actions.*

When two federal statutes have inconsistent provisions, a court may find that one of the statutes precludes application of the other. *See, e.g., Simon v. FIA Card Ser., N.A.,* 732 F.3d 259, 280 (3rd Cir. 2013). Several decisions have held that the Bankruptcy Code precludes actions under the FDCPA based on collection activity within a bankruptcy case. The leading decision is *B–Real, LLC v. Chaussee (In re Chaussee),* 399 B.R. 225, 237 (9th Cir. BAP 2008) ("[T]he debt validation provisions required by FDCPA clearly conflict with the claims processing procedures contemplated by the [Bankruptcy] Code and Rules"). Similarly, the FDCPA has been held not to apply to a bankruptcy proof of claim allegedly filed in an excessive amount, because "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 (2nd Cir. 2010).

Determining whether the provisions of the Bankruptcy Code regarding the filing and allowance of claims preclude the application of the FDCPA requires consideration of both the appropriate standard for judging preclusion generally and the specific context in which the question is being asked.  In *Randolph*, 368 F.3d 726 (7th Cir. 2004), the Seventh Circuit adopts a standard requiring either an irreconcilable conflict or a clearly expressed legislative intention that one statute replace the other.  The Eighth Circuit has employed a similar, but not identical standard, stating that if the statutes are capable of coexistence, it is the duty of the court to regard each as effective absent a clearly expressed legislative intention to the contrary.  *See Wood v. Fiedler,* 548 F.2d 216 (8th Cir.1977).  Context is also important.  Some of the cases finding no conflict and thus no preclusion are based upon actions alleged to have been in violation of the discharge injunction. *See, e.g., Randolph*, 368 F.3d 726; *Simon*, 732 F.3d 259.  These actions were taken after the bankruptcy case was concluded.  In other instances, the question has arisen

5

in the context of acts alleged to have been a violation of the automatic stay, acts which were taken by the creditor outside the context of the bankruptcy case. *Maloy v. Phillips*, 191 B.R. 721, 723 (M.D. Ga. 1996); *Divane v. A & C Elec. Co., Inc.,* 193 B.R. 856, 859 (N.D. Ill. 1996); *Hubbard v. Nat'l Bond & Collection Assoc., Inc.,* 126 B.R. 422, 428–29 (D. Del .1991). The alleged violation in this case arises from the filing of a proof of claim in the bankruptcy court. As to this process, governed by the Bankruptcy Code and Rules and managed by the bankruptcy court within the context of a pending case, the possibility for inconsistency is heightened.

If the standard is one of irreconcilable conflict, the Court might find it difficult to determine that the application of the FDCPA is precluded even in this context. If there is any lower threshold, the Court would likely conclude the Bankruptcy Code precludes application of the FDCPA in the specific context of the filing and allowance of proofs of claim. The Court finds persuasive the extensive analysis by the court in *Chausee* regarding the inconsistencies between the process of filing claims and adjudicating objections and the principles of the FDCPA, specifically debt validation requirements. *Chausee,* 399 B.R. at 237. Because the Court has determined that the filing of a claim barred by the statute of limitations does not violate the FDCPA, it need not determine the preclusion question now and leaves it to another day if it arises again in another context.

**2.** *Filing a proof of claim is an action to collect a debt.*

The liability under the FDCPA asserted in Debtors' complaint can only arise from actions taken "in connection with the collection of any debt." 15 U.S.C. § 1692e. The Defendants' second point in their motion is that the action of filing a proof of claim was not taken in connection with debt collection. The Court disagrees.

6

A proof of claim, of course, is intended to result in some recovery for the creditor on the debt set out in the proof of claim, and so filing a proof of claim would be within the ordinary meaning of "debt collection." *See In re LaGrone*, 525 B.R. 419 (Bankr. N.D. Ill. 2015); *Crawford,* 758 F.3d at 1262 ("Filing a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an 'indirect' means of collecting a debt."). A number of decisions, however, hold that that filing of a proof of claim is not a debt collection activity. These decisions are collected in *Humes v. LVNV Funding, LLC (In re Humes),* 496 B.R. 557, 581 (Bankr.E.D.Ark.2013), and rationalize that the filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control and is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay. *See e.g., Jenkins v. Genesis Fin. Solutions (In re Jenkins),* 456 B.R. 236, 240 (Bankr E.D.N.C. 2011) (emphasis in original); *see also McMillen v. Syndicated Office Sys., Inc. (In re McMillen),* 440 B.R. 907, 912 (Bankr .N.D. Ga. 2010); *Simmons,* 622 F.3d at 95.

This analysis is not persuasive. There is no contradiction between a proof of claim being an action to collect a debt and the automatic stay. The automatic stay does indeed prohibit debt collection activity, and filing a proof of claim is an action to collect a debt, but it is well established that the automatic stay does not prohibit actions taken in the bankruptcy case itself. *See Eger v. Eger (In re Eger),* 507 B.R. 1, 1 (Bankr. N.D. Ga. 2014) (collecting authorities). The argument is particularly unpersuasive in the Chapter 13 context where the payment of unsecured claims is made primarily or exclusively from the debtor's wages. Further, in some, and perhaps many of these cases, the amount the debtor must commit to the payment of claims will depend upon the filed and allowed amount of such claims.

**3.** ***Filing a proof of claim subject to a limitations defense does not violate the FDCPA.***

The first section of the FDCPA sets out a finding that "abusive, deceptive, and unfair debt collection practices" are employed by debt collectors against consumers, 15 U.S.C. § 1692, and the Act goes on to prohibit a number of specific practices. Section 1262k provides for an award of damages against any debt collector who fails to comply with the Act's provisions.

Debtors assert generally in their Complaint that the acts of Defendants in attempting to collect a time-barred debt are in violation of the FDCPA, 15 U.S.C. §1692, and that the filing of a proof of claim to collect a stale debt violates sections 1692d, 1692e and 1692f. Specifically, Debtors allege that the acts and omissions by Defendants constitute violations of the FDCPA, including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direct violation of 1692f(1). Defendants' argue that filing a proof of claim on a debt subject to a limitation defense does not violate any of these provisions.

Section 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The section goes on to provide specific conduct that is a violation that includes the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; among others that Debtors do not allege. Here, there is no "threat" in a proof of claim that accurately reflects information about an unsecured debt the debtor has listed on his own schedules. "It is neither a lawsuit nor a threat of a lawsuit; it's a statement that a debt exists … and there is no prohibition in the Bankruptcy Code against filing a proof of claim on an unsecured, stale debt." *See, e.g., In re Donaldson*, Case No. 1:14-cv-01979 (S.D. Ind. 2015).

Section 1692e provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." That section also provides specific examples of such conduct As discussed above, the Court agrees that filing a proof of claim is an act to collect a debt. However, the Court does not agree that a proof of claim that accurately reflects information on the debt, including the date of last payment, date the account was charged off by the original creditor and the last transaction date is false, deceptive or misleading on its face. Further, Debtors listed the debt on their schedules as unsecured indicating an intent to include it in any discharge that resulted from the bankruptcy. The argument that filing a proof of claim on a time-barred debt mischaracterizes the legal status of the debt also fails because a debt that is legally unenforceable or uncollectible is not extinguished; the money is still owed and only the creditor's remedies are regulated. *See Donaldson*, Case No. 1:14-cv-01979 (S.D. Ind. 2015). Similarly, "a factual, true statement about the existence of a debt and the amount, which is recognized in the debtor's own bankruptcy schedules, is neither false nor deceptive." *Id.; see also, In re McMillen*, 440 B.R. 907, 913 (Bankr. N.D. Ga. 2010).

Section 1692f of the FDCPA, which generally prohibits "unfair or unconscionable" debt collection activities, is an additional ground for relief asserted by Debtors. However, as with the other sections, there is nothing unconscionable or unfair about filing a proof of claim that contains truthful and accurate information on a debt that is known to debtors and their attorney. *See, e.g., In re Claudio*, 463 B.R. 190, 193-94 (Bankr. D. Mass. 2012). There can be no violation to these sections if the claimant complies with all of the rules for filing a proof of claim, including the requirement to supply various attachments with certain specific information, and unless any of that information is false, the filing can hardly be deceptive.

9

Numerous courts have held that an FDCPA claim "cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim." *In re Simpson,* 2008 WL 4216317 at *3; *see, e.g., In re Pariseau,* 395 B.R. at 493–94; *In re Varona,* 388 B.R. at 717–21; *see also Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510–11 (9th Cir. 2002) (debtor's claim under FDCPA for an alleged violation of the bankruptcy discharge must be dismissed); *Jones v. Wolpoff & Abramson, L.L.P.,* 2006 WL 266102 at *3 (E.D. Pa. 2006) (same). Although there are conflicting decisions on this issue, the Court finds that Defendants' position is the better one. Courts have interpreted these FDCPA provisions as prohibiting a debt collector from filing untimely lawsuits against consumer debtors, but these interpretations are grounded in the situation of the defendants facing such lawsuits. *See Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1079 (7th Cir. 2013). The question raised by Defendants' motion is whether this analysis applies to debt collectors filing bankruptcy proofs of claims. The Eleventh Circuit has held that it does apply in *Crawford,* 758 F.3d at 1261 and Debtors urge this Court to follow the *Crawford* reasoning.

In the Eighth Circuit case *Freyermuth*, a debtor alleged that a collection agency engaged in abusive practices in violation of the FDCPA by attempting to collect on a debt that was potentially time-barred. The court found that a creditor may attempt to collect on a claim barred by the statute of limitations and does not violate the FDCPA unless the creditor either threatens to or actually files a lawsuit on such a claim. *See* 248 F.3d at 771. The filing of a proof of claim does not constitute a threat of litigation. For the reasons discussed below, this Court does not believe that a debtor in bankruptcy is in the position of a consumer facing a collection lawsuit and would not extend *Freyermuth* to bankruptcy claims. Debtors also urge the Court to use the "least sophisticated consumer" standard for determining the existence of an FDCPA violation.

However, the *Freyermuth* court found that standard to be appropriate only if the representation is made directly to the debtor. Here, the representation is made to the Court, not directly to the Debtors. That fact and the fact that Debtors are represented by counsel make the application of the standard urged by Debtors inappropriate. This case is thus distinct from *Crawford* in which the 11th Circuit employed this stricter standard. *Id.; see also, Donaldson*, Case No. 1:14-cv-01979 (S.D. Ind. 2015). While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers. *See Simmons,* 622 F.3d at 96. The Court agrees that there are differences between lawsuits filed against individuals and proofs of claim filed in bankruptcy cases, all indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process. *See LaGrone*, 525 B.R. at 426.

First, Debtors in bankruptcy cases have the benefit of a trustee with a fiduciary duty to all parties to "examine proofs of claims and object to the allowance of any claim that is improper." *In re Andreas,* 373 B.R. 864, 876 (Bankr. N.D. Ill. 2007) ("[T]he Trustee is a fiduciary owing duties to all parties in interest in a Chapter 13 case."); *In re Mid–States Express, Inc.,* 433 B.R. 688, 697 (Bankr. N.D. Ill. 2010) ("The trustee has a duty to object to improper claims."). Also, debtors in bankruptcy are likely to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not. The process of filing an objection to a proof of claim is much simpler and more streamlined than defending a civil lawsuit. All a debtor need do is file a simple objection, usually one page long, setting forth the factual or legal basis for the dispute. Then, after the filing of a response within a limited period of time, the matter is set for hearing before the bankruptcy court and promptly resolved. The Debtors here have been represented by counsel throughout the case. Further, in

the bankruptcy context, a debtor has the benefit of the U.S. Trustee acting as watchdog and the U.S. Trustee has indeed been active in this area recently.

Second, a debtor in bankruptcy often has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit. A proof of claim does not always result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors. This is most obvious in a Chapter 7 case, where the debtor's nonexempt assets are the sole source of payments to creditors and where it is rare for the value of these assets to exceed the amount of the debt. Accordingly, in most Chapter 7 cases, the debtor has no standing to object to claims. *LaGrone*, 525 B.R. at 426-27; *see In re Curry,* 409 B.R. 831, 838 (Bankr. N.D. Tex. 2009) (noting that Chapter 7 debtors lack standing to file claim objections because they "have no pecuniary interest in doing so"). In Chapter 13, creditors are paid through a plan the debtor proposes, but in a case like the present one, where the debtor is proposing to pay the creditors less than the full amount of their claims, the effect is similar to Chapter 7 in that the debtor will pay the same total amount to creditors, regardless of whether particular proofs of claim are disallowed. In many instances in Chapter 13 cases, the amount to be paid to unsecured creditors is not determined by the amount of the debt, but rather either by the debtor's projected disposable income or the hypothetical distribution to creditors in a Chapter 7 case. In either case, the amount is a lump sum which would be distributed to the unsecured creditors pro rata. The allowance of additional claims would not affect the total amount that the debtor would have to pay in order to confirm and consummate the Chapter 13 plan. While it is true that in cases dismissed before discharge the debtors would still owe whatever portion of their debts was not paid through their plans, and if payments made on a time-barred claim had been made to other creditors, the amounts remaining

to be paid on the other claims would be lower, this contingency still presents a much smaller effect on a debtor than would a civil judgment.

The Court recognizes that debtors, their counsel, bankruptcy trustees and the U.S. Trustee must be vigilant in reviewing proofs of claim, so that a distribution is not provided to those holding claims barred by the statute of limitations. Nonetheless, as other courts have observed, the present statute and procedural rules do not preclude such filings by creditors. Until the Bankruptcy Code is amended (for example, by adding a provision in § 501 requiring creditors to have a good faith belief in the allowability of their claims), or the procedural rules modified to render such claims invalid, *see Chaussee,* 399 B.R. at 240 n. 16; *In re Andrews,* 394 B.R. at 388, creditors such as these defendants are entitled to file proofs of claim even for stale debts.

### III. CONCLUSION

After reviewing the entire record, the Court finds that the Defendants have met their burden of proving that there is no genuine issue of fact and that they are entitled to judgment as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment is granted and Debtors' Motion for Summary Judgment is denied.

Dated:  May 19, 2015                          /s/Dennis R. Dow
                                              THE HONORABLE DENNIS R. DOW
                                              UNITED STATES BANKRUPTCY JUDGE